IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-54-H(4)
7:12-CV-16-H

| | | |
|---|---|---|
| MONTROSE BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion filed on January 13, 2012. The government has moved to dismiss the motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and Petitioner has responded. This matter was referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that Petitioner's motions be denied and the government's motion be granted.

## STATEMENT OF THE CASE

On January 12, 2010, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). On January 12, 2011, the court sentenced Petitioner to a 120-month term of imprisonment. Petitioner did not appeal his sentence. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

**DISCUSSION**

Petitioner asserts two arguments in support of his § 2255 motion: (1) his attorney was ineffective because he did not object to a two-level enhancement applied for possession of a dangerous weapon during the commission of a crime, and (2) he should only have been held accountable for the drug weight included in his plea agreement. Thus, he requests that this court vacate his sentence or remand his case for resentencing.

To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

Petitioner maintains that his attorney should have objected to the two-level increase he received under U.S.S.G. § 2D1.1(b)(1). Had Petitioner not received the two-level increase for possession of a dangerous weapon, Petitioner's guideline range would have been 135 months to 168 months, still above the sentence Petitioner actually received. In fact, Petitioner received a variance resulting in Petitioner receiving the statutory mandatory minimum of 120 months. Because the court was not authorized to sentence Petitioner below the mandatory minimum,


2

Case 7:09-cr-00054-H   Document 290   Filed 04/14/14   Page 2 of 4

Petitioner could not have received a lower sentence. Consequently, Petitioner is unable to show either that his attorney acted unreasonably by not objecting to the two-level increase or that he was prejudiced by his attorney's failure to object to the two-level increase.

Petitioner makes the additional claim that he should only be held accountable for 49 grams of cocaine base as stated in his plea agreement.[1] However, the plea agreement in this case contained a provision whereby Petitioner agreed, among other things, to waive his right to appeal the sentence imposed, including any issues that relate to the establishment of the sentencing guideline range, reserving only the right to appeal from an upward departure from the sentencing guideline range established at sentencing. Petitioner further agreed to waive any right to contest his conviction or sentence in any post-conviction proceeding including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known at the time of the plea. Such waivers are enforceable so long as they are knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner has not alleged that his waiver was not knowing and voluntary, and there is no evidence in the record to support such a finding. Petitioner's claim falls within the scope of his plea waiver, and is, therefore, barred by his plea waiver. Moreover, even if Petitioner had been held responsible only for the drug quantity to which he pled guilty (50 grams or more), he still would have been subject to a 120-month mandatory minimum.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss be GRANTED and Petitioner's motion to vacate be DENIED.

---

[1] In his plea agreement, Petitioner actually pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, not 49 grams as Petitioner asserts.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 14th day of April 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge